IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN FLAMER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 14-1465-RGA |
| CARLA COOPER, et al., | : |
| Defendants. | : |

John Flamer, George W. Hill Correctional Facility, Thornton, Pennsylvania.
Pro Se Plaintiff.

**MEMORANDUM OPINION**

April 7, 2015
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff John Flamer, a former pretrial detainee at the Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). The Court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). (D.I. 1).

Plaintiff suffers from a pituitary macroadenoma tumor that is located in his head. The tumor is wrapped around the cavernous carotid artery and is compressed against the optic chiasm nerve to Plaintiff's eye. Plaintiff has lost the vision in his right eye. On October 31, 2014 Plaintiff presented to Atlantic Eye Care due to vision failure in the left eye. Plaintiff is followed by a number of healthcare providers for his vision condition. Defendant nurse practitioner Carla Cooper made the appointment as a follow-up ordered by another hospital. Plaintiff's health care provider had indicated that Plaintiff was to be seen within six months from his last visit, but Plaintiff was not seen until eight months later.

During the October 31, 2014 visit, Plaintiff was told that he was there for his physician to recommend a follow-up with the neuro-ophthalmologist who regularly treated Plaintiff. Plaintiff alleges that Cooper and nurse practitioner Jon did not want him to follow-up with the neuro-ophthalmologist because he was not a sentenced inmate, and Cooper did not know how long Plaintiff would be at the HRYCI. Plaintiff alleges that his vision worsened, as evidenced by an eye exam, but that Defendants ignored his condition.

1

Plaintiff submitted numerous grievances. He alleges that Defendant Mrs. Madigan kept pushing his grievances to the back to forestall any type of remedy. Plaintiff wrote and spoke to Defendant Dr. Vincent Carr, the medical director and a member of the Delaware Department of Correction Health Services Team. Dr. Carr personally reviewed Plaintiff's medical chart and examined his eyes. Plaintiff alleges that Dr. Carr told him he did not know why the follow-up consults were not being addressed and advised Plaintiff that he would make sure "they were addressed," as did Defendant head nurse Dennis Russell. Plaintiff alleges that Dr. Carr and Russell never scheduled a follow-up consult even though Dr. Carr indicated it would take place. Plaintiff alleges that Jon, Cooper, Russell, and Madigan are refusing to schedule the follow-up consults ordered by Atlantic Eye Care, and they have allowed his condition to worsen. Plaintiff seeks compensatory and punitive damages as well injunctive relief.

On January 7, 2015, Plaintiff filed a motion for injunctive relief for Defendants to provide him a medically appropriate course of treatment. (D.I. 4). Plaintiff is no longer housed at the HRYCI, having been transferred to the George W. Hill Correctional Facility in Thornton, Pennsylvania in February 2015.

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93

2

(2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the

3

complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679. Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

To the extent that Plaintiff raises claims against Madigan based upon his dissatisfaction with the grievance procedure or denial of his grievances, the claim fails because an inmate does not have a "free-standing constitutional right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims against Madigan as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

Plaintiff will be allowed to proceed with his medical needs claims against remaining Defendants Dr. Carr, NP Cooper, NP Jon, and Nurse Russell.

With regard to Plaintiff's motion for injunctive relief, the motion is moot. Plaintiff was incarcerated at the HRYCI when he filed the pending letter/motion for injunctive relief seeking medical care at that institution. (D.I. 4). Plaintiff is no longer incarcerated at the HRYCI, having been transferred to the George W. Hill Correctional Facility.

4

Given that Plaintiff has been transferred, injunctive relief may not issue. "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Because Plaintiff is no longer incarcerated at the HRYCI, it is impossible for him to suffer irreparable harm with regard to the issues he raises in seeking injunctive relief.

For the above reasons, the Court will: (1) dismiss as moot the motion for injunctive relief (D.I. 4); (2) dismiss all claims against Madigan as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); and (3) allow Plaintiff to proceed on the medical needs claims against the remaining Defendants.

An appropriate Order will be entered.